# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

KENNETH MOSES,

        Plaintiff,

   vs.

UNITED STATES STEEL CORPORATION,

        Defendant.

Civil Action No. GD 19-016834

**COMPLAINT**

Docket Code:

Filed on behalf of Plaintiff Kenneth Moses

Counsel of record:

Bruce C. Fox, Esquire
Pa. I.D. No. 42576
bruce.fox@obermayer.com
Allison N. Genard, Esquire
Pa. I.D. No. 311253
allison.genard@obermayer.com
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219
(412) 566-1500
Fax: (412) 566-1508

**JURY TRIAL DEMANDED**

20 MAY 14 PM 2: 52
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

FILED

**Notice to Plead**

To: United States Steel Corporation

You are hereby notified to file an Answer within twenty (20) days from service hereof or a judgment may be entered against you.

_Allison N Genard_
Allison N. Genard, Esquire
Attorney for Plaintiff, Kenneth Moses

1

OMC\4833-6167-7499.v1-5/5/20

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| KENNETH MOSES, | Civil Action No. |
| Plaintiff, | |
| vs. | |
| UNITED STATES STEEL CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

OMC\4833-6167-7499.v1-5/5/20

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| KENNETH MOSES, | Civil Action No. GD 19-016834 |
| Plaintiff, | |
| vs. | |
| UNITED STATES STEEL CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, Kenneth Moses, by and through his attorneys, Obermayer, Rebmann, Maxwell, & Hippel LLP, and files the following Complaint, and in support thereof avers the following:

1.     Plaintiff Kenneth Moses (hereinafter "Moses") was terminated by Defendant United States Steel Corporation (hereinafter "US Steel") and subjected to disparate treatment in disciplinary procedures and termination because of his race, as described below.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1981a, 42 U.S.C. § 2000e-2 and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 for employment discrimination and retaliation. Jurisdiction is specifically conferred on this Court by 42 U.S.C. §2000e(5).

3.     Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981 et seq.

4.     Venue is proper in accordance with 28 U.S.C. § 1391(b)(2) and (c)(2).

## PARTIES

5.     Moses is an adult individual, at all times material, residing in Allegheny County, Pennsylvania.

3

6.      US Steel is a corporation incorporated under the laws of Pennsylvania having its headquarters in Pittsburgh, Pennsylvania.

## FACTS

7.      Moses is an African American male.

8.      Moses began employment with the Defendant US Steel on May 2, 2005 in the position of Snapper in the Blast Furnace at Defendant's Edgar Thompson Works in Braddock, Allegheny, County, Pennsylvania. As a Snapper, Moses was responsible for assisting other employees on the floor with various jobs to get the slag out of the door.

9.      Braddock, Pennsylvania has a highly diverse population, with approximately 62% of its residents identifying as Black or African America, 11% of its residents identifying as two or more races, and only 23% of its population identifying as White.

10.     Despite this diverse and largely minority populated Borough, the employment at the Defendant's Edgar Thompson Works is predominately white.

11.     Defendant's Edgar Thompson Works as has a program in which relatives of current employees are given preference for job openings.

12.     Routinely, white employees' relatives were hired instead and over the relatives of black or African American employees.

13.      From 2005 until 2013, Moses performed his job duties satisfactorily and he moved up the ranks to the position of Keeper. As a Keeper, Moses was in charge of the floor and the liaison with the supervisors and responsible for keepings the iron flowing into the ladle.

14.     During his time in the Blast Furnace, Moses observed numerous white employees making inappropriate comments about African Americans in the presence of the supervisors. The

4

supervisors never instructed the white employees that their comments were inappropriate or disciplined any white employees for the inappropriate comments.

15.    In 2013, Moses requested a transfer to the position of Operations Technician I in the Transportation Department of Defendant's Edgar Thompson Works in Braddock, Allegheny, County, Pennsylvania in order to get away from Robert Williams and Sonny Brown because they applied extra scrutiny to Moses due to his race.

16.    Moses was granted this transfer. Moses's job duties as Operations Technician I included operating the locomotive (the vehicular engine of a train), either remotely or manually, to pull the furnace (a smelting furnace used to make steel), move the revert (recycled material used to make steel), and generally complete any assigned task through moving the locomotive.

17.    Following Moses's move to the Transportation Department, the Blast Furnace and Transportation Department were merged and Robert Williams and Sonny Brown, both of whom are white, once again became Moses's supervisors.

18.    Following the merger of the departments, the Defendant, through its employees, specifically Sonny Brown and Robert Williams, began to systematically target Moses for disciplinary actions, frequently imposing discipline for behavior that other white employees were not disciplined for or not disciplined as extensively.

19.    Specifically, in July of 2013, Manager Sonny Brown, cited Moses for a safety violation of stepping on a moving locomotive when the locomotive was not actually moving at that time. Moses received at 10-Day suspension.

20.    During December of 2013, Moses requested approval for a two-week vacation over the holidays, which was approved by a supervisor. Moses took the first few days of vacation without any issues. However, on Christmas Day, the same supervisor that approved his vacation

5

called Moses at 6:00 a.m. stating that Moses was not approved for vacation, and was to immediately come to work. Moses arrived as soon as possible at 7:10 AM and was cited for tardiness. Moses received a three-day suspension.

21.     In early 2014, Manager Sonny Brown physically hounded Moses around the facility while shouting that Moses was "stupid," "an idiot," and "above the rules," When Moses complained because Brown followed him into the bathroom, Brown then called security and claimed Moses threatened him.

22.     Moses was immediately removed from the floor and unable to make any complaint about Brown's bizarre harassing behavior that day. At the hearing for this incident, Moses made a complaint to Human Resources about Brown's behavior and brought a witness to confirm Moses' version of events.  However, no investigation was conducted.

23.     During the summer of 2015, Manager Robert Williams cited Moses for climbing over the coupler connecting two train cars even though this was the safest method to cross to the other side of the train under the circumstances.

24.     Defendant attempted to terminate Plaintiff for this event, but following the unemployment compensation hearing and award, Plaintiff was allowed to return to work for the Defendant on the explicit condition that he sign a Last Chance Agreement. Moses signed the Last Chance Agreement under the belief that this was the only way for him to return to work and provide for his family.

25.     Upon information and belief, white employees engaged in similar conduct to that described above, and were not disciplined at all or were disciplined less severely.

6

26.     On November 24, 2015 at approximately 11:00 PM, Moses was properly operating a locomotive by remote control and complying with all safety regulations. The locomotive was traveling at approximately 2 miles per hour.

27.     While remotely controlling the locomotive, Moses applied the brakes in order to stop the locomotive. However, the locomotive failed to stop in response to the application of the brakes.

28.     Once the locomotive came to a final stop, Moses walked back to see how far it traveled and noticed the train derailed due to a brake failure. Moses promptly notified his supervisor of the derailment.

29.     No one was injured and the train was promptly replaced on the track. No property was damaged as a result of the derailment.

30.     Moses believed that the derailment had been caused by a malfunctioning remote box. Employees of the Transportation Department had been reporting malfunctioning remote boxes prior to this incident.

31.     Moses was told that day by his onsite supervisor, Keith Martin, that he would have to take a drug and alcohol test and to go home. The supervisor also stated that as long as the test came back negative, Moses would be returned to work the next day. Moses passed the drug and alcohol test.

32.     Moses returned to work on November 25, 2015 and was informed by another supervisor, Joe Ramsey, that he was being placed on a 5-day suspension pending termination.

33.     A hearing was held November 30, 2015 where the suspension was upheld.

34.     On December 4, 2015, Plaintiff was informed that his employment was being terminated because of the incident on November 24, 2015.

OMC\4833-6167-7499.v1-5/5/20

35.     Other white employees had been involved in similar derailment incidents and were not disciplined with a suspension or terminated.

36.     One white employee had caused a similar derailment and had even failed the drug and alcohol test, yet was permitted to return to work.

37.     Moses was singled out and subjected to discipline in order to justify his termination based upon his race.

38.     Moses filed a Charge of Discrimination with the Pennsylvania Human Relations Commission that was cross-filed with the Equal Employment Opportunity Commission.

39.     More than 60 days have elapsed since Moses filed charged with the EEOC and more than one year since the filing with the PHRC.

**COUNT I**

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

40.     The Plaintiff incorporates the averments set forth in paragraphs 1 through 39 as if set forth fully herein.

41.     Under the Pennsylvania Human Relation Act, Defendant US Steel is prohibited from discharging an employee based upon their race. 43 P.S. § 955.

42.     Defendant US Steel targeted Kenneth Moses for discipline and termination based upon his race in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955.

43.     Defendant US Steel discriminated against Moses by treating him differently than similarly situated non-African-American employees whom engaged in similar or worse conduct for which Moses's employment was allegedly terminated.

44.     Defendant's violation of the PHRA was willful.

OMC\4833-6167-7499.v1-5/5/20

45.     As a result of Defendant's willful violation of the PHRA, Moses has suffered and will continue to suffer both economic and non-economic damages.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1981

46.     Plaintiff hereby incorporates the averments of paragraphs 1 through 45 as if set forth fully herein.

47.     Under 42 U.S.C. § 1981, Defendant US Steel was prohibited from taking adverse employment action against Moses because his race.

48.     In violation of its obligation under 42 U.S.C. § 1981, Defendant terminated Moses's employment because of his race.

49.     Defendant US Steel discriminated against Moses by treating him differently than similarly situated non-African-American employees who engaged in similar or worse misconduct for which Moses's employment was allegedly terminated.

50.     Defendant's violation of Section 1981 was willful.

51.     As a result of Defendant's willful violation of Section 1981, Moses has suffered and will continue to suffer both economic and non-economic damages.

52.     Moses suffered damages due to this intentional discrimination.

### I.     PRAYER FOR RELIEF

WHEREFORE, Moses respectfully demands the following forms of relief:

  a.  Front pay and Back pay;

  b.  Compensatory damages, including but not limited to pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

  c.  Money damages for lost economic opportunity;

9

d.  Punitive damages;

e.  Pre and post-judgment interest;

f.  Reasonable attorney's fees and costs; and

g.  Declaratory and injunctive relief.

**JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Date: May 5, 2020

*Allison N Genard*

Bruce C. Fox, Esquire
Pa. I.D. No. 42576
bruce.fox@obermayer.com
Allison N. Genard, Esquire
Pa. I.D. No. 311253
allison.genard@obermayer.com
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219
(412) 566-1500
Fax: (412) 566-1508

*Counsel for Plaintiff, Kenneth Moses*

10

## **VERIFICATION**

I, Kenneth Moses, verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: 3/6/2020                    Signature: _____

Kenneth Moses

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing COMPLAINT was served

on the 5th day of May, 2020, via electronic mail, on the following:

Samuel F. Reynolds
United States Steel Corporation
600 Grant Street, 15th Floor
Pittsburgh, PA 15219
sfreynoldsjr@uss.com
Counsel for Defendant

_Allison N. Genard_

Allison N. Genard

OMC\4833-6167-7499.v1-5/5/20

## <u>CERTIFICATE OF COMPLIANCE</u>

    I certify that this filing complies with the provisions of the Case Records Public Access

Policy of the Unified Judicial System of Pennsylvania that require filing confidential information

and documents differently than non-confidential information and documents.

                        Submitted by: _Kenneth Moses_

                        Signature: _Allison N Genard_

                        Name: _Allison N. Genard_

                        Attorney No. (if applicable): _311253_

12

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ ALLEGHENY _____ **County**

| For Prothonotary Use Only: |
|---|
| Docket No:<br>GD 19-016834 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N   A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name:<br>KENNETH MOSES | Lead Defendant's Name:<br>UNITED STATES STEEL CORPORATION |
|---|---|

| Are money damages requested? [x] Yes [ ] No | Dollar Amount Requested:<br>(check one) | [ ] within arbitration limits<br>[x] outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit?* [ ] Yes [x] No | Is this an *MDJ Appeal?* [ ] Yes [x] No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Bruce Fox, Esq. and Allison Genard, Esq.

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N   B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:
_____
_____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:
_____
_____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:
_____
_____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
_____
_____
- [x] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
_____
_____
- [ ] Other:
_____
_____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:
_____
_____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
_____
_____
- [ ] Zoning Board
- [ ] Other:
_____
_____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:
_____
_____

*Updated 1/1/2011*